IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH LARAY WHITE,<br>    ID # 47818-177,<br>        Movant, | )<br>)<br>)<br>) | |
| vs. | )<br>) | No. 3:21-CV-1992-N-BH<br>No. 3:14-CR-78-N (1) |
| | ) | |
| UNITED STATES OF AMERICA,<br>        Respondent. | )<br>) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct sentence by a person in federal custody*, received on October 14, 2021 (doc. 6). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice as barred by the statute of limitations.

## I.   BACKGROUND

After first being charged by indictment and superseding indictment along with other co-defendants, Kenneth Laray White (Movant) was charged by superseding information on March 6, 2015, with use of a facility of interstate commerce in aid of a racketeering enterprise in violation of 18 U.S.C. §§ 1952(a)(2) and (B) (Count One), and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Five). (*See* doc. 71.)[2]  He pleaded guilty to both counts of the superseding information on March 17, 2015, pursuant to a plea agreement. (*See* docs. 74, 81.)  By judgment dated January 14, 2016, he was sentenced to a total term of 326 months' imprisonment, to run consecutively to any sentences imposed in two state court cases in

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:14-CR-78-N (1).

the 380th Judicial District Court of Collin County, Texas, and concurrently with any sentences imposed in two state court cases in the Dallas County Criminal District Court 7 in Dallas, Texas, followed by a three-year term of supervised release. (*See* doc. 173 at 1-3.) The United States Court of Appeals for the Fifth Circuit affirmed the judgment on March 30, 2017. (*See* doc. 291); *United States v. White*, 683 F. App'x 330 (5th Cir. 2017). He did not file a petition for a writ of certiorari with the Supreme Court.

Movant now challenges his conviction and sentence on grounds that: (1) he "was denied due process and his sentence is illegal"; (2) his "counsel was ineffective in the negotiation of the plea"; and (3) he "is actually innocent of count one." (No. 3:21-CV-1992-N-BH, doc. 6 at 4-5.)

## II.    STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), Movant's conviction became final on June 28, 2017,

2

when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). He does not allege that government action prevented him from filing a § 2255 petition earlier, and he has not alleged any newly recognized right.[3]  *See* 28 U.S.C. §§ 2255(f)(2), (3).

Movant's claims that he was not eligible for a sentence enhancement, that his trial counsel was ineffective during plea negotiations, and that he was actually innocent of Count One became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, June 28, 2017. Movant did not file his § 2255 motion until over four years later, so it is untimely in the absence of equitable tolling.

**A.     Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a

---

[3] Although Movant does not identify any newly recognized right made retroactively applicable to cases on collateral review, his first ground alleges that he is not "eligible for the enhancement, as the residual clause is now inapplicable because there was never any violent physical force and Movant never did anything to the alleged victim that was said to have been violent." (No. 3:21-CV-1992-N-BH, doc. 6 at 4.) To the extent this allegation may be liberally construed as relying on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), for the date on which Movant's period of limitations began to run under 28 U.S.C. § 2255(f)(3), his motion is still untimely. In *Dimaya*, the Supreme Court held that the definition of "crime of violence" in the residual clause of 18 U.S.C. § 16, as incorporated into the Immigration and Naturalization Act, was unconstitutionally vague and violated the Due Process Clause of the Fifth Amendment. 138 S. Ct. at 1210, 1215-16. Assuming for purposes of this motion only that *Dimaya* set forth a newly recognized right that is retroactively applicable to cases on collateral review, and that it was applicable to Movant's case, he did not file his § 2255 motion until over three years later. Accordingly, even if § 2255(f)(3) applied, the § 2255 motion is still barred by the statute of limitations in the absence of equitable tolling.

[party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights."  *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).  Movant bears the burden to show entitlement to equitable tolling. *See, e.g., Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant provides no basis for equitably tolling the limitations period.  Because he has not met his burden to establish circumstances warranting equitable tolling, his § 2255 motion should be denied as untimely.

**B.    Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar.  A tenable actual innocence claim

4

must persuade a district court that it is more likely than not that no rational fact-finder would have found the movant guilty beyond a reasonable doubt in light of new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)). District courts are split on the issue of whether *McQuiggin* applies to guilty plea cases. *See Thomas v. Stephens*, 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases).

Movant has not met the high burden for the actual innocence exception to the one-year statute of limitations. He alleges that he is actually innocent of Count One because "[t]he Government used the word 'of' in their charging documents and in their factual resume." (No. 3:21-CV-1992-N-BH, doc. 6 at 5.) He claims he was "allowed to plead guilty to a non-existent crime." (*Id.*) He also argues there was never a continuing criminal enterprise for him to further because one of his co-defendants was "acquitted of the more serious charges of which Movant plead [sic] guilty to." (*Id.*) A claim of "[a]ctual innocence means 'factual innocence, and not mere legal insufficiency,'" however. *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Movant does not claim that he is factually

5

innocent of the conduct underlying his convictions, but instead challenges the legal sufficiency of the charging and plea documents and his sentence in light of the outcome of a co-defendant's case. Further, Movant's factual assertions are based on evidence that was available when he pleaded guilty, not new evidence. Accordingly, even if *McQuiggin* applies to guilty plea cases, Movant has failed to overcome the statute of limitations, and his motion is time-barred.

### III. RECOMMENDATION

The *Motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct sentence by a person in federal custody*, received on October 14, 2021 (doc. 6), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 22nd day of October, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE